UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION,<br><br>      Plaintiff,<br><br>    v.<br><br>KWAME RAOUL,<br>in his official capacity as Attorney General of Illinois,<br><br>      Defendant. | Case No. 3:23-cv-02791-SPM |

**MOTION TO RECONSIDER APPLICATION OF ADMINISTRATIVE ORDER NO. 339, TO STRIKE DESIGNATION AS A RELATED CASE, AND TO RESUBMIT THIS CASE FOR RANDOM ASSIGNMENT**

  Defendant Kwame Raoul, Attorney General of the State of Illinois, moves pursuant to Federal Rule of Civil Procedure 60(a) and Local Rule 40.1(a) for reconsideration of the Court's application of Administrative Order No. 339 to this matter, ECF No. 11, and states as follows:

  1. Plaintiff filed this case on August 14, 2023, challenging the constitutionality of Illinois Public Act 103-559, the Firearm Industry Responsibility Act ("FIRA"). FIRA amends the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Act") and clarifies how the Act applies to the sale, manufacturing, importing, and marketing of firearm-related products. 815 ILCS 505/2BBBB. FIRA took effect less than a week ago, when the Governor signed it into law on August 12, 2023.

  2. This case should be randomly assigned to a District Judge pursuant to Southern District of Illinois Local Rule 40.1(a), which provides: "Civil cases are randomly assigned to a District Judge pursuant to Administrative Order as from time to time amended by the Court. Any

1

action taken to avoid the random assignment will subject that party and that party's attorney(s) to the full disciplinary power and sanctions of this Court."

3. This case was not randomly assigned to a District Judge. Instead, on August 16, 2023, the case was directly assigned to U.S. District Court Judge Stephen McGlynn purportedly pursuant to Administrative Order No. 339. ECF No. 11. But that Order provides for direct assignment to Judge McGlynn of only actions challenging a law different from FIRA (the subject of this action). Instead, Administrative Order No. 339 directs assignments to Judge McGlynn of actions concerning a section of Public Act 102-1116, known as the Protect Illinois Communities Act ("PICA"), that amended 720 ILCS 5/24-1.9 to criminalize the manufacture, possession, delivery, sale, or purchase of statutorily designated "assault weapons." *See* Exhibit A (Administrative Order No. 339).

4. Administrative Order No. 339 should not have been applied to this action. While new actions challenging the legality of the Illinois Criminal Code's restrictions on assault weapons trigger Administrative Order No. 339, Plaintiff's Complaint here makes no mention of assault weapons, PICA, or the Illinois Criminal Code more broadly. Instead, it exclusively challenges how FIRA amends the Illinois Consumer Act. As a result, Administrative Order No. 339 provides no basis for direct assignment of this action to any particular District Judge.

5. Furthermore, Plaintiff's challenge to FIRA is not otherwise related to any of the pending cases challenging PICA in the Southern District of Illinois, contrary to the representation by Plaintiff's counsel in the civil cover sheet that this case relates to *Barnett, et al. v. Raoul et. al.*, 3:32-cv-209-SPM. *See* ECF No. 2. *Barnett* challenges the constitutionality of provisions in PICA and was filed January 24, 2023—nearly seven months before FIRA, the act challenged here, was signed into law. *Barnett* and this case involve entirely distinct statutes and raise distinct questions

of fact and law. For example, Plaintiff in this case alleges that FIRA is preempted by a federal statute and argues FIRA violates the First Amendment and the dormant Commerce Clause. ECF No. 1 (Complaint), ¶¶ 48-89, 109-134. These issues are absent from *Barnett*. In *Barnett*, the parties have thoroughly briefed and argued plaintiffs' motion for preliminary injunction both before this Court and to the Court of Appeals—not once did the parties invoke the Illinois Consumer Act. While both cases involve the National Shooting Sports Foundation and the Illinois Attorney General's Office, they lack the "similar claims for relief and overlapping legal issues" found in related cases. *See Hines v. Pfizer, Inc.*, No. 13-CV-0404-MJR-DGW, 2013 WL 5526696, at *2 (S.D. Ill. Oct. 7, 2013); *see also Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185–86 (7th Cir. 1992) (noting cases assigned to the same judge were related because "involved similar issues"). In addition to the absence of any substantive overlap in the claims asserted, the injunctive relief sought in this case—an injunction against enforcement of FIRA—is entirely distinct from the relief sought in *Barnett*—an injunction against enforcement of parts of PICA.

WHEREFORE, for the above and foregoing reasons, Defendant requests that this Court (1) reconsider its application of Administrative Order No. 339 to the present case; (2) strike plaintiff's related case designation in the civil cover sheet (ECF No. 2); and (3) direct the Clerk of Court resubmit this case for random assignment to a District Judge in accordance with Local Rule 40.1(a).

Dated: August 18, 2023                    Respectfully submitted,

                                          KWAME RAOUL
                                          Attorney General for the State of Illinois

                                          By: /s/ *Kathryn Hunt Muse*

                                          Kathryn Hunt Muse, No. 6302614

3

*Deputy Chief, Public Interest Division*
Office of the Illinois Attorney General
100 W. Randolph St., 12th Floor
Chicago, Illinois 60601
Kathryn.Muse@ilag.gov
(312) 814-3000

## **CERTIFICATE OF SERVICE**

      I certify that on August 18, 2023, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

      By: /s/ *Kathryn Hunt Muse*
      Office of the Illinois Attorney General