# Exhibit B

## Declaration of Susan Cupero on Behalf of Smith & Wesson Inc.

I, Susan Cupero, hereby declare as follows.

1. I am over the age of 18 years, and I am qualified to submit this declaration on behalf of Smith & Wesson Inc. ("Smith & Wesson").

2. I am Vice President, Sales, of Smith & Wesson Sales Company, an affiliate of Smith & Wesson.

3. I have personal knowledge of the facts set forth herein through direct involvement and by personally reviewing company records and information.

4. Smith & Wesson is a Delaware corporation with its principal place of business in Massachusetts.

5. Smith & Wesson Brands, Inc., an affiliate of Smith & Wesson, is a member of the National Shooting Sports Foundation.

6. Smith & Wesson is a federal firearms licensee licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

7. Smith & Wesson is a corporation engaged in the manufacture of firearms and so is a "firearm industry member" as that term is used and defined in Illinois House Bill 218 as well as a "manufacturer" as that term is used and defined in the Protection of Lawful Commerce in Arms Act.

8. Smith & Wesson manufactures firearms in Massachusetts and Connecticut for civilian use in every state in the country. Smith & Wesson does not have any manufacturing operations in Illinois. Smith & Wesson does not sell directly to any civilian in Illinois.

9. Smith & Wesson sells firearms for domestic civilian use to a small number of independent, federally licensed distributors and buying groups in accordance with all applicable state, federal and local laws.

10. The distributors with which Smith & Wesson transacts in turn sell the products throughout the United States to independent, federally licensed retailers in accordance with applicable federal, state, and local laws. Smith & Wesson is not a party to any of these transactions.

11. Smith & Wesson believes HB 218 is designed to encourage lawsuits against firearm manufacturers (like Smith & Wesson) for marketing their lawful products in ways that emphasize their lawful features, such as capacity and ease of concealment, on the theory that those lawful features may appeal to prospective purchasers with criminal intent. Smith & Wesson does run advertisements for its lawful products in ways that emphasize their lawful features. And Smith & Wesson has already been sued under a similar state statute on the theory that such marketing constitutes conduct that, although not unlawful in itself, is nonetheless unreasonable and contributes to allegedly harmful conditions, including the criminal misuse of lawful firearms and related products. *See* Compl., *City of Buffalo v. Smith & Wesson Brands, Inc.*, No. 6:23-cv-00066 (W.D.N.Y. Jan. 23, 2023), Dkt.1-1 ¶¶1, 32; *see also, e.g., id.* ¶¶220, 222, 224 (alleging that Smith & Wesson's marketing of its AR-platform rifles is "unethical," "unscrupulous," and "reckless").

12. Smith & Wesson believes HB 218 is designed to encourage lawsuits against firearm manufacturers (like Smith & Wesson) for manufacturing and selling more firearms than the state believes the lawful market can reasonably bear. Smith & Wesson has already been sued under a similar state statute on that exact theory, i.e., that the manufacture and sale of "too many" firearms contributes to a "public nuisance." *See id.* ¶¶1, 511.

13. Smith & Wesson believes HB 218 is designed to encourage lawsuits against firearm manufacturers (like Smith & Wesson) for failing to provide training to retailers that sell their products with regard to, among other things, straw purchases. Smith & Wesson does not currently provide training to retailers, other than training related to the features and benefits of our products. Retailers are independent third parties that are neither affiliated with nor controlled by Smith & Wesson, and there is no legal requirement for any manufacturer to micromanage how retailers run their businesses or sell the products they are lawfully entitled (and licensed) to sell. Nevertheless, Smith & Wesson has already been sued under a similar state statute on the theory that not providing training to retailers constitutes a failure to implement reasonable controls. *See id.* ¶¶ 1, 187. Any attempt by Smith & Wesson to comply with any such requirement to provide training to retailers that sell its products would cost Smith & Wesson time and money.

14. Smith & Wesson believes HB 218 is designed to encourage lawsuits against firearm manufacturers (like Smith & Wesson) for, among other things, continuing to manufacture, market, and sell firearms in common use, particularly those with smaller calibers, smaller overall size, and lighter weights—which, given their smaller size and lighter weights, "are specifically designed to be used by, or appeal to, minors." HB 218 makes it "unlawful" to "advertise, market, promote, design, or sell any firearm-related product in a manner that reasonably appears to support, recommend, or encourage persons under 18 years of age to unlawfully purchase or possess or use a firearm-related product in Illinois." Although Smith & Wesson does not in any way "support, recommend, or encourage persons under 18 years of age to unlawfully purchase" firearms, the statute appears to prohibit "support[ing]" even the *lawful* use of firearms by minors.

15. Smith & Wesson believes HB 218 is designed to encourage lawsuits against firearm manufacturers (like Smith & Wesson) for marketing their lawful products on platforms, including

social media platforms, that minors or persons prohibited from purchasing firearms can access. Anti-gun groups filed an FTC complaint against Smith & Wesson in 2020 arguing that promoting lawful products on social media platforms constitutes unreasonable marketing on the theory that minors and prohibited persons can easily access those platforms—even though Smith & Wesson does not target any marketing to minors or prohibited persons.

16. As a result of HB 218, Smith & Wesson faces potentially severe liability for lawful conduct and faces the prospects of being ordered to pay to redress harms caused by the misdeeds of others that it does not know, has never dealt with, and obviously cannot control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September, 2023.

By: /s/ Susan Cupero
Susan Cupero