UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| N ATIONAL S HOOTING S PORTS F OUNDATION , I NC .,<br><br>*Plaintiff*,<br><br>v.<br><br>KWAME RAOUL, Attorney General of Illinois,<br><br>*Defendant*. | No. 3:23-cv-02791 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff National Shooting Sports Foundation, Inc., pursuant to Local Rule 7.1(a)(6), respectfully requests leave to file notice of the attached supplemental authorities in support of Plaintiff's Motion for Preliminary Injunction. In support of this motion, Plaintiff states:

1. On September 15, 2023, Plaintiff filed a Motion for Preliminary Injunction (Dkt.27). On October 19, 2023, Defendant filed an Opposition (Dkt.36) as well as a Motion to Dismiss (Dkt.35). Plaintiff filed a Consolidated Response and Reply on November 20, 2023 (Dkt.43), and on December 11, 2023, Defendant filed a Reply in Support of his Motion to Dismiss (Dkt.46).

2. In both his Motion to Dismiss and his Response, Defendant sought to support his argument that Plaintiff lacked standing by relying on the Third Circuit's decision in *NSSF v. New Jersey*, 80 F.4th 215 (3d Cir. 2023). *See* Dkt.35.at.2, 5, 9-11; Dkt.46.at.2; *see also* Dkt.36.at.8.n.4.

3. As Plaintiff explained, *NSSF v. New Jersey* is readily distinguishable from this case, because Illinois, unlike New Jersey, has explicitly banned firearms that NSSF's members sell and because the New Jersey Attorney General explicitly "disavowed" using its act to sue NSSF's members for lawful commerce in arms at oral argument, in conspicuous contrast to Defendant Attorney General Raoul here. *See* 80 F.4th at 221; Dkt.43.at.9, 11.

4. Now, Plaintiff can also add that the factual premise of the Third Circuit's opinion has been undermined. Notwithstanding the assurances he made to the Third Circuit in service of persuading the court to dismiss for lack of standing, New Jersey's Attorney General recently brought multiple lawsuits against members of the firearm industry, including an NSSF member, seeking to hold each of them liable for lawful commerce, and for injuries caused by the criminal acts of third parties. *See* Complaint, *Platkin v. Glock, Inc.*, No. ESX-C-000286-24 (N.J. Super. Ct. Ch. Div. Dec. 12, 2024), Ex.1; Complaint, *Platkin v. FSS Armory, Inc.*, No. MRS-C-000102-23 (N.J. Super. Ct. Ch. Div. Dec. 12, 2023), Ex. 2; *Platkin v. Patriot Enters. Worldwide LLC*, No.

1

MER-C-000093-23 (N.J. Super. Ct. Ch. Div. Dec. 14, 2023), Ex. 3; Complaint, *Platkin v. Point Blank Guns & Ammo LLC*, No. MRS-C-000123-24 (N.J. Super. Ct. Ch. Div. Nov. 13, 2024), Ex. 4.

    5. The most recent, and sweeping of those lawsuits is the New Jersey Attorney General's action against Glock, Inc. ("Glock")—an NSSF Member—which seeks to bar the sale of one of the most popular handguns in the country and hold Glock responsible for the purported "nuisance" of harms caused by third parties who illegally convert the lawful handguns that Glock manufactures into unlawful machineguns. *See* Ex.1. Plaintiff moves for leave to submit these complaints as additional authority.

    6. Plaintiff also moves to submit as an additional authority the complaint in *Mayor of Baltimore v. Glock, Inc.*, No. C-24-CV-001450 (Md. Cir. Ct. Feb. 12, 2025), Ex.5, in which the City of Baltimore and the State of Maryland have sued NSSF member Glock for lawful commerce in firearms under Maryland's analog to Illinois' HB 218. *See* Ex.5.

    7. Taken together, these suits against Glock and other firearm industry members underscore the very real threat that, if this Court were to follow the Third Circuit's lead, Illinois likewise would turn around and starting suing NSSF's members as soon as it secured dismissal. *See* Dkt.35.at.9-11; *but see* Dkt.43.at.10-11; *see also* Dkt.49; Dkt.59. It simply does not wash to say that Illinois is unlikely to sue NSSF's members when states and municipalities throughout the country are suing NSSF's members under the analogs to Illinois' (preempted and unconstitutional) law.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PAUL D. CLEMENT* <br> ERIN E. MURPHY* <br> MATTHEW D. ROWEN* <br> CLEMENT & MURPHY, PLLC <br> 706 Duke Street <br> Alexandria, VA 22314 <br> (202) 742-8900 <br><br> * admitted *pro hac vice* | s/ *Andrew A. Lothson* <br> ANDREW A. LOTHSON* <br> SWANSON, MARTIN & BELL, LLP <br> 330 N. Wabash <br> Suite 3300 <br> Chicago, IL 60611 <br> (312) 321-9100 <br> alothson@smbtrials.com <br><br> GARY C. PINTER <br> SWANSON, MARTIN & BELL, LLP <br> 103 W. Vandalia Street <br> Suite 215 <br> Edwardsville, IL 62025 <br> (618) 655-3131 |

*Counsel for Plaintiff*

March 11, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification to all parties' counsel of record.

s/ *Andrew A. Lothson*
ANDREW A. LOTHSON