IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATIONAL SHOOTING SPORTS
FOUNDATION, INC.,

        Plaintiff,

   v.

KWAME RAOUL,
in his official capacity as Attorney General of
Illinois,

        Defendant.

No. 3:23-cv-2791-SMY

**DEFENDANT'S MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

    Defendant Kwame Raoul, Attorney General of the State of Illinois, pursuant to Local Rule 7.1(a)(6), requests leave to file notice of the attached supplemental authority in support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, and states:

    1.    On July 10, 2025, the Second Circuit issued its decision in *NSSF v. James,* No. 22-1374-CV, 2025 WL 1901082 (2d Cir. July 10, 2025)*,* attached as Exhibit 1 ("Op."). There, National Shooting Sports Foundation ("NSSF") challenged the constitutionality of a New York law similar to the Illinois Firearms Industry Responsibility Act ("FIRA"), the law it challenges here. *Compare* N.Y. Gen. Bus. Law § 898-b(1)–(2) *with* 815 ILCS 505/2DDDD. NSSF argued the New York law was preempted by the Protection of Lawful Commerce in Arms Act ("PLCAA"), violated the dormant Commerce Clause, and was void for vagueness. The Second Circuit rejected those arguments, holding NSSF failed in its "facial, preenforcement challenge." Op. at 5.

    2.    NSSF had creatively characterized its challenge as a "'hybrid' as-applied facial claim." Op. at 15. The Second Circuit rejected this, holding NSSF brought a facial challenge

1

requiring it to "establish that the law cannot be constitutionally applied against anyone in any situation." *Id*. at 16-18. Likewise, the Attorney General has argued that NSSF must establish that no set of circumstances exist under which FIRA would be valid. ECF 36 at 5.

3. The Second Circuit rejected NSSF's PLCAA preemption argument, holding the law fell within the bounds of PLCAA's predicate exception. Op. at 18-30. The Attorney General similarly has argued that FIRA authorizes claims falling within this exception. ECF 36 at 13-17.

4. The Second Circuit also rejected NSSF's dormant Commerce Clause argument, holding it could not show that every application of the statute raised extraterritoriality issues and noting the law applies to industry members who transport items directly into New York. Op. at 30-40. The Attorney General argued the same in defending FIRA. ECF 36 at 34.

5. Finally, the Second Circuit rejected NSSF's vagueness argument, holding that reasonableness is a well-established standard "employed in a wide range of statutes consistent with . . . the Due Process Clause," and the statute listed examples of reasonable controls and procedures. Op. at 40-43. The Attorney General made similar arguments here. ECF 36 at 26-27.

WHEREFORE, Defendant requests that this Court grant Defendant leave to file notice of the attached supplemental authority in support of his opposition to Plaintiff's motion.

Dated: July 14, 2025

Respectfully submitted,

KWAME RAOUL
Attorney General for the State of Illinois

By: /s/ *Michael M. Tresnowski*
Michael M. Tresnowski, No. 6324767
*Assistant Attorney General*
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (773) 758-4496
Michael.Tresnowski@ilag.gov